# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2026

Lyle W. Cayce
Clerk

No. 25-50919

—————————

Joseph Anthony Reyna,

*Plaintiff—Appellant*,

*versus*

Spotify Technology, S.A.; Spotify USA, Incorporated; DistroKid, Incorporated; Does 1–10,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CV-1023

———————————————————————

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Joseph Reyna moves to proceed *in forma pauperis* ("IFP") on appeal of the dismissal of his civil action for want of subject matter jurisdiction and alternatively as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). By moving to proceed IFP, Reyna is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quo-

—————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

tation marks and citations omitted).

Reyna has demonstrated a nonfrivolous issue for appeal with respect to the dismissal for want of subject matter jurisdiction. *See Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010). Because he has also shown that he qualifies as a pauper, he is entitled to proceed IFP on appeal. *See Howard*, 707 F.2d at 220; *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). For the reasons set forth below, however, we dispense with further briefing and affirm the dismissal. *See Baugh*, 117 F.3d at 202.

Reyna asserts that the district court misapplied the § 1915(e) screening standard by merely concluding that the complaint alleged personal grievances lacking a factual or legal basis. Federal Rule of Civil Procedure 8 requires a complaint to "state[] a plausible claim for relief" that alleges "more than the mere possibility of misconduct," and a court is not required "to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (internal quotation marks and citation omitted). Reyna cites no authority requiring the district court to explain the specific deficiencies in a complaint, nor does he show specifically how his factual assertions satisfied the statutes and legal theories he alleged. He has not pointed to error in the district court's conclusion that his claims were frivolous and failed to state a claim upon which relief may be granted. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). And although Reyna further asserts that the district court erred in dismissing his complaint without giving leave to amend, the magistrate judge's report provided notice of the defects in the complaint, and Reyna's arguments before this court indicate he has pleaded his best case. *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016).

IFP is therefore GRANTED. The judgment is AFFIRMED. All of Reyna's pending motions and requests for relief are DENIED.